Filed 10/6/22  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ZACHARY PAUL WILLIAMS,<br><br>    Defendant and Appellant. | C095020<br><br>(Super. Ct. No. CRF2100660)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the nonpublished opinion filed herein on September 29, 2022, be modified as follows:

On page 3, between the penultimate and last sentences in the first paragraph, insert the following sentence:

In July 2022, the trial court amended the restitution amount to $300.

There is no change in the judgment.

Appellant's petition for rehearing is denied.

1

BY THE COURT:



_____/s/_____
ROBIE, Acting P. J.



_____/s/_____
RENNER, J.



_____/s/_____
EARL, J.

Filed 9/29/22  P. v. Williams CA3 (unmodified opinion)

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ZACHARY PAUL WILLIAMS,<br><br>Defendant and Appellant. | C095020<br><br>(Super. Ct. No. CRF2100660) |

Appointed counsel for defendant Zachary Paul Williams has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

BACKGROUND

In March 2021, defendant learned that a man to whom he owed a debt had a strained relationship with a woman.  Defendant offered to kidnap that woman in order to clear his debt.  Defendant placed the woman in a chokehold, and she awoke tied to a

1

chair.  Over the next three days, defendant repeatedly forced the woman to orally copulate him, and raped and sodomized her with his penis and a fire poker.

Defendant brought the woman to another location, a nearby residence, where he fought a second woman and her boyfriend.  Defendant had a gun in one hand and a machete in the other.  He struck the male victim in the face with the machete five or six times, and both the male victim and the second woman were wounded by gunshots.

An August 2021 amended information charged defendant with 13 offenses, including:  kidnapping (Pen. Code, § 207, subd. (a); count VII),[1] with a great bodily injury enhancement (§ 12022.7, subd. (a)); attempted murder (§§ 664/187 subd. (a); count X), with great bodily injury and personal use of a firearm enhancements (§§ 12022.7, subd. (a), 12022.5, subd. (a)); and, assault with a firearm (§ 245, subd. (a)(2); count XIII).  The information also alleged defendant had a 2004 Texas conviction that, if committed in California, "would be a first degree burglary in violation of . . . section 459," and therefore was a "prior strike" conviction for purposes of California's three strikes law.  (§§ 667, subds. (b)-(i), 1170.12.)

Pursuant to a negotiated disposition, defendant (1) pleaded no contest to counts VII, X, and XIII; (2) admitted all allegations accompanying those counts; and (3) admitted that his 2004 Texas conviction was a "strike" conviction, which could double the amount of time defendant would serve for each offense.  Defendant also agreed the trial court could use defendant's preliminary hearing as a factual basis for his plea.  In exchange, the prosecution agreed to seek dismissal of the remaining counts and stipulate to a sentence of 48 years to life.

In September 2021, consistent with the parties' negotiated disposition, the trial court sentenced defendant to state prison for an aggregate term of 48 years to life:  (1) a

---

[1] Undesignated statutory references are to the Penal Code.

determinate term of 21 years, composed of (a) 16 years for count VII (the upper term of eight years, doubled for the prior strike), (b) a consecutive three-year term for the great bodily injury enhancement to count VII, and (c) two years for count XIII (one-third the middle term of three years, doubled for the prior strike); and (2) an indeterminate term of 27 years to life, composed of (a) 14 years for count X (the middle term of seven years, doubled for the prior strike), (b) 10 years for the firearm enhancement to count X, and (c) three years for the great bodily injury enhancement to count X. The trial court ordered defendant to pay, inter alia, a restitution fine of $10,000, and $2,370.82 to the California Victims' Compensation Board, but waived some other costs. The trial court also awarded 189 days of custodial credits, and dismissed all remaining counts.

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the relevant history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed, but to date, has not done so. Our review of the record pursuant to *Wende* has disclosed no arguable errors in defendant's favor.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
EARL, J.

We concur:

_____/s/_____
ROBIE, Acting P. J.

_____/s/_____
RENNER, J.

4